1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                    * * *

9    UNITED STATES OF AMERICA,              Case No. 3:11-cr-00049-LRH-CLB-1

10                      Respondent/Plaintiff,   ORDER

11           v.

12   HENRY BARRO

13                      Petitioner/Defendant.

14

15   UNITED STATES OF AMERICA,              Case No. 3:17-cr-00005-LRH-WGC

16                      Respondent/Plaintiff,   ORDER

17           v.

18   HENRY BARRO

19                      Petitioner/Defendant.

20

21          Before the Court are petitioner Henry Barro's ("Barro") motions in two separate cases:

22   *United States v. Barro*, Case Number 3:11-cr-00049-LRH-CLB-1 and *United States v. Barro*, Case

23   Number 3:17-cr-00005-LRH-WGC.[1] Both are filed to vacate, set aside, or correct his sentence

24   pursuant to 28 U.S.C. § 2255 following the recent ruling in *Rehaif v. United States*, 139 S. Ct.

25   2191 (2019) (*Barro I*, ECF No. 67; ECF No. 40). The Government opposes (*Barro I*, ECF No. 70;

26   ECF No. 42), arguing that Barro's claims are procedurally barred because he did not raise them on

27   _____

28   [1] The Court uses "*Barro I*" to refer to the entirety of case number 3:11-cr-00049-LRH-CLB-1, and for
     citations to the record in that case. Unless prefaced with *Barro I*, all other ECF Numbers cited throughout
     this Order refer to the docket of case number 3:17-cr-00005-LRH-WGC.

     1

1    direct appeal. In his replies (*Barro I*, ECF No. 71; ECF No. 43), Barro maintains that the

2    constitutional errors are structural.

3          For the reasons contained within this Order, the Court denies his motions and denies him

4    a certificate of appealability in both instances.

5    **I.       BACKGROUND**

6          Barro has an extensive criminal history which, among other convictions, includes Battery

7    with a Deadly Weapon and Felon in Possession of a Firearm.

8          The current motions relate to two separate incidents. First, on February 20, 2011, Reno

9    police officers responded to a report of a robbery with a deadly weapon. After receiving

10   descriptions of Barro's appearance, the officers eventually located him at a convenience store.

11   Upon searching Barro, the officers found parts of a short-barreled rifle and ammunition. The

12   officers ultimately found the rest of the parts to Barro's Rifle. In October 2011, Barro was

13   convicted, on his guilty plea, of Unlawful Possession of a Firearm by a Previously Convicted

14   Felon. *Barro I*, ECF Nos. 19, 20. Per the plea agreement, Barro admitted that he knowingly

15   possessed a firearm, and, that when he did so, he had been previously convicted of a crime

16   punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. §§ 922(g) and

17   924(a)(2*). Barro I*, ECF No. 20, at 5. On January 30, 2012, Barro was sentenced to 57 months

18   imprisonment to be followed by 3 years of supervised release following his prison sentence. *Barro*

19   *I*, ECF No. 30.

20         The second motion concerns Barro's conduct on December 20, 2016—a year after his

21   release from federal prison in 2015. Responding to a report of an auto theft, Reno police officers

22   found a recently stolen automobile which had been involved in an accident. Officers then found a

23   fleeing Barro in the area and took him into custody. Barro had a gun holster attached to his belt,

24   and upon further investigation, the officers found a loaded Ruger .38 special, 5 shot revolver on

25   the floor of the stolen automobile which fit the holster.

26         In July 2017, Barro was convicted, on his guilty plea, of Unlawful Possession of a Firearm

27   by a Previously Convicted Felon. ECF Nos. 22, 24. Per the plea agreement, Barro admitted that he

28   knowingly possessed a firearm, and that when he did so, he had been previously convicted of a

1   crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. §§

2   922(g) and 924(a)(2). ECF No. 24, at 3. On January 8, 2019, Barro was sentenced to 96 months

3   imprisonment to be followed by 3 years of supervised release following his prison sentence. ECF

4   No. 38.

5         On June 18, 2020, Barro filed these motions to vacate his sentences under 28 U.S.C. §

6   2255. *Barro I*, ECF No. 67; ECF No. 40. After the U.S. Supreme Court's decision in *Rehaif*, Barro

7   argues that both of his indictments were defective because he did not have the requisite knowledge

8   of his status at the times of possession, and it stripped this Court of jurisdiction. Barro also argues

9   the indictments violated his Fifth and Sixth Amendment rights.

10   **II.   LEGAL STANDARD**

11         Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which

12   imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion

13   may be brought on the following grounds: (1) "the sentence was imposed in violation of the

14   Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such

15   sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence

16   "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th

17   Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of

18   the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. §

19   2255(f). That one-year limitation period begins to run from "the date on which the right asserted

20   was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

21         On June 21, 2019, the Supreme Court decided *Rehaif*, overturning established Ninth Circuit

22   precedent. 139 S. Ct. 2191. In the past, the government was only required to prove that a defendant

23   knowingly possessed a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). *Id.* at 2200. Now, under

24   *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that

25   he knew that he belonged to the relevant category of persons barred from possessing a firearm."

26   *Id.*

27   ///

28   ///

3

III.    **DISCUSSION**

Barro argues that by leaving out the new *Rehaif* element from the original indictments, this Court lacked jurisdiction. *Barro I*, ECF No. 67, at 14–16; ECF No. 40, at 14–16. Barro further alleges the omission in the indictments violated both his Fifth Amendment guarantee that a grand jury find probable cause to support all the necessary elements of a crime, and his Sixth Amendment right to effective assistance of counsel and to be informed of the nature and cause of the accusation. *Barro I*, ECF No. 67, at 16–21; ECF No. 40, at 16–21.

**A. Unconditional Guilty Plea**

The government contends that by pleading guilty unconditionally, Barro waived his right to make any non-jurisdictional challenges to the indictments; specifically, his Fifth and Sixth Amendment challenges. *See Tollet v. Henderson*, 411 U.S. 258, 267 (1973). *Barro I*, ECF No. 70, at 4; ECF No. 42, at 4.

In both of his pleas, Barro waived "…all collateral challenges, including any claims under 28 U.S.C. §2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." *Barro I*, ECF No. 20, at 3; ECF No. 24, at 12. Consequently waiving "all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013). Considering both pleas' cut-and-dry language, the Court finds Barro's claims are barred by his guilty pleas even in view of the exceptions to *Tollett v. Henderson*, 411 U.S. 258 (1973).[2] Nevertheless, the Court still finds it necessary to address the jurisdictional and procedural default arguments below.

///

///

---

[2] *Tollett* limited federal habeas challenges to pre-plea constitutional violations. 411 U.S. at 267. Exceptions to this general rule include a claim which the state cannot "constitutionally prosecute." *Class v. U.S.*, 138 S. Ct. 789, 805 (2018) (quoting *Menna v. New York*, 423 U.S. 61, 63 (1975) (per curiam)). While Barro argues such an exception exists in both present instances (*Barro I*, ECF No. 67, at 21–22; ECF No. 40, at 21–22), the Court agrees with other well-reasoned decisions in the District of Nevada which hold it does not. *See United States v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1 (D. Nev. Nov. 30, 2020) (finding that the exceptions to *Tollett* do not apply under *Rehaif* as the claims "could have been remedied by a new indictment.").

**B. Jurisdiction**

This Court "has jurisdiction of all crimes cognizable under the authority of the United States…." *Lamar v. United States*, 240 U.S. 60, 65 (1916). Any "objection that the indictment does not charge a crime against the United States goes only to the merits of the case," and does not deprive the court of jurisdiction. *Id.; see also United States v. Cotton*, 535 U.S. 625, 630 (2020) (reiterating *Lamar*). Quite importantly, the Ninth Circuit and decisions within the District of Nevada have relied on the principle announced in *Cotton* in cases considering the aftermath of *Rehaif. See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."); *see also United States v. Miller*, Case No. 3:15-cr-00047-HDM-WGC (D. Nev. Dec. 8, 2020); *United States v. Baustamante*, Case No. 2:16-cr-00268-APG (D. Nev. Dec. 7, 2020).

Therefore, pursuant to Ninth Circuit precedent and decisions in this District, the Court had and continues to have jurisdiction over Barro's cases despite the ruling in *Rehaif*.

**C. Procedural Default**

The government also argues that Barro's claims have procedurally defaulted. *Barro I*, ECF No. 70, at 4; ECF No. 42, at 6. While a defendant certainly can question the underlying legality of his sentence or conviction, one who does not on direct appeal is procedurally defaulted from doing so unless they can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (citations omitted). "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Barro did not challenge the validity of the indictments and/or pleas on direct appeal, but instead, argues his claims have not procedurally defaulted because he can demonstrate cause and prejudice, or, in the alternative, the omissions in his indictments are structural error and therefore only requires a showing of cause. Each argument is addressed in turn.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.     Cause**

Barro can likely demonstrate cause. *Rehaif* overturned long standing precedent in the Ninth Circuit, and the decision's constitutional consequences were not "reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

**2.     Prejudice**

Still, Barro cannot demonstrate prejudice. The Ninth Circuit has found, in numerous scenarios, that even if a defendant had been aware that the Government would need to prove the knowledge-of-status element, there is no reasonable probability that the outcome would have been different. *See United States v. Espinoza,* 816 F. App'x 82, 84 (9th Cir. 2020) (holding that "the failure of the indictment and plea colloquy to include the element of knowledge of felon status does not require us to vacate [the] conviction…"); *United States v. Schmidt*, 792 F. App'x 521, 522 (9th Cir. 2020) ("Although [defendant] did not argue below that the government was required to prove [defendant] knew he was a felon, under any standard of review there was overwhelming evidence that [defendant] knew he was a felon when he possessed the firearms at issue in this case."); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (finding in the trial context that, "even if the district court had instructed the jury on the knowledge-of-status element, there is no reasonable probability that the jury would have reached a different verdict…"). In other words, the Ninth Circuit has repeatedly found no actual harm resulted from alleged constitutional violations stemming from the decision in *Rehaif* in cases involving comparable facts to Barro's.

Here, in Barro's first case before this court in 2011, he had two prior felony convictions, had served more than six years in prison, and had been out of prison for little more than a year at the time of his arrest in 2011. The two convictions prior to 2011 were for Battery With a Deadly Weapon (1999) and Felon in Possession of a Firearm (2001). In Barro's second case before this court in 2017, he had been released from prison for roughly 17 months following his 2011 conviction for Felon in Possession of a Firearm, his third felony conviction. In total, Barro served over eleven years in prison stemming from his first three felony convictions. He is presently serving his prison sentence upon his third federal felony conviction for Felon in Possession of a Firearm. The Court is not persuaded that the inclusion of the *Rehaif* element would have changed

1    Barro's decision to plead guilty in either his 2011 case or his 2017 case or that his pleas were

2    involuntary. Barro, in both instances, would obviously have been aware of his prior convictions

3    and time served when he possessed the firearms.

4            Accordingly, there is no reasonable probability that, but for the *Rehaif* error, the outcome

5    of either proceedings would have been different. Therefore, because Barro has not demonstrated

6    both cause and prejudice, he procedurally defaulted on his claims challenging the legality of his

7    convictions.

8            **D. Structural Error**

9            Alternatively, Barro argues the constitutional errors are structural, therefore only requiring

10   a showing of cause. *Barro I*, ECF No. 67, at 12; ECF No. 43, at 9. "[C]ertain errors, termed

11   structural errors, might affect substantial rights regardless of their actual impact on an appellant's

12   trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations omitted). Structural errors go

13   to the very heart of the trial and are not "simply an error in the trial process itself." *Arizona v.*

14   *Fulimante*, 499 U.S. 279, 310 (1991).

15           While the Ninth Circuit has not decided whether the knowledge-of-status element in *Rehaif*

16   presents issues of structural error, numerous other circuits have concluded it does not. *See United*

17   *States v. Nasir*, 2020 WL 7041357, at *19, n.30 (3d Cir. Dec. 1, 2020); *United States v. Coleman*,

18   961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020);

19   *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d

20   1196, 1207 (10th Cir. 2020).

21           The Court agrees with these circuit courts and concludes that *Rehaif* likely does not involve

22   the limited class of errors the Supreme Court has deemed structural.

23           **E. Certificate of Appealability is Denied**

24           To proceed with an appeal of this Order, Barro must receive a certificate of appealability

25   from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9TH CIR. R. 22-1; *Allen v. Ornoski*,

26   435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the

27   petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

28   2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden

1  of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve

2  the issues differently; or that the issues are "adequate to deserve encouragement to proceed

3  further." *Slack*, 529 U.S. at 483-84 (citation omitted).

4       As discussed above, Barro has failed to raise a meritorious challenge to his convictions and

5  sentences pursuant to the Ninth Circuit's decisions following *Rehaif*. As such, the Court finds that

6  he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims

7  debatable or wrong. *See Allen*, 435 F.3d at 950–51. Therefore, the Court denies Barro a certificate

8  of appealability in both instances.

9  **IV.    CONCLUSION**

10       IT IS THEREFORE ORDERED that Barro's motion to vacate, set aside, or correct his

11  sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67 in Case No. 3:11-cr-00049-LRH-CLB-1) is

12  **DENIED.**

13       IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

14       IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final

15  Judgment denying Barro's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150

16  (9th Cir. 2018).

17       IT IS FURTHER ORDERED that Barro's motion to vacate, set aside, or correct his

18  sentence pursuant to 28 U.S.C. § 2255 (ECF No. 40 in Case No. 3:17-cr-00005-LRH-WGC) is

19  **DENIED**.

20       IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

21       IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final

22  Judgment denying Barro's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150

23  (9th Cir. 2018).

24       IT IS SO ORDERED.

25       DATED this 26th day of January, 2021.

26                         LARRY R. HICKS

27                         UNITED STATES DISTRICT JUDGE

28